IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO.  CCB-16-0267** |
| v. | * | |
| | * | |
| **DANTE BAILEY, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | ****** | |

**GOVERNMENT'S MOTION *IN LIMINE*
TO ADMIT BUSINESS RECORDS PURSUANT TO FED. R. EVID. 803(6) & 902(11)**

The Government plans to introduce certified domestic records of regularly conducted activities in a number of categories pursuant to Federal Rules of Evidence 803(6) and 902(11). Specifically, the Government plans to introduce:

(1) call detail records for various telephone numbers, certified by custodians of records at AT&T, Sprint, Verizon, and T-Mobile;

(2) account records for Dante Bailey's iCloud account wolfmobb@icloud.com, certified by a custodian of records at Apple;

(3) account records for Facebook and Instagram accounts belonging to various defendants and their co-conspirators, certified by custodians of records at Facebook and Instagram;

(4) recordings and logs of jail calls and visits involving various defendants and their co-conspirators, certified by custodians of records at the Maryland Department of Public Safety and Correctional Services, Baltimore County Detention Center, Northern Neck Regional Jail, and Correctional Treatment Facility;

(5) closed-circuit television ("CCTV") recordings of various homicides and shootings, certified by custodians of records at the Baltimore Police Department Watch Center;

1

(6) recordings of 911 calls pertaining to various homicides, certified by custodians of records at the Baltimore Police Department Communications Section;

(7) casino records of Corloyd Anderson's player activity, certified by a custodian of records at Maryland Live! Casino;

(8) emergency medical services records pertaining to a heroin overdose victim, certified by a custodian of records at the Frederick County Government Division of Fire & Rescue Services; and

(9) sales receipts and waiver forms filled out by Dante and Tiffany Bailey, certified by a custodian of records at the Continental Arms Indoor Pistol Range.

We will refer to these records collectively as the "Business Records."

The Business Records were provided to defense counsel on a rolling basis between October 2016 and August 2017. On October 2, 2018, October 10, 2018, and February 5, 2019, the Government notified defense counsel that it intended to admit the Business Records at trial pursuant to Federal Rules of Evidence 803(6) and 902(11), enclosed the relevant certifications, and asked that counsel note any objections. *See* Exhibit 1 (Letter Dated 10-02-18 & Enclosures); Exhibit 2 (E-Mail Dated 10-10-18 & Enclosures); Exhibit 3 (Letter Dated 02-05-18 & Enclosures).[1]

Counsel for six of the seven defendants have not noted any objections. Counsel for Randy Banks—Brian Sardelli—has indicated that he objects to the admission of the records.[2] Therefore, the Government moves for an advance ruling on the admission of this evidence and respectfully

---

[1] The underlying records are voluminous, and, therefore, we have included only the government's letters and the enclosed certifications, and not the records themselves. Should the Court wish to inspect the entirety of the records, the government will make them available.

[2] Mr. Sardelli has not explained the basis of his objection.

requests that the Court rule on this motion in advance of trial, so that custodians of records may be secured if necessary.[3]

## ARGUMENT

The Business Records are excepted from the rule against hearsay because they are records of regularly conducted activity that meet the requirements of Rule 803(6). The Business Records are also accompanied by certifications that meet the requirements of Rule 902(11) and are, therefore, self-authenticating. Lastly, the Business Records were not created to prove a fact at trial, and therefore the Confrontation Clause of the Sixth Amendment does not apply to them.

### A. The Business Records Are Excluded from the Rule Against Hearsay Because They Are Records of a Regularly Conducted Activity Under Fed. R. Evid. 803(6)

Federal Rule of Evidence 803(6) provides an exception to the rule against hearsay for a "record of an act, event, condition, opinion, or diagnosis" if the record "was made at or near the time by—or from information transmitted by—someone with knowledge; the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; making the record was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . .; and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."

---

[3] The Government also plans to introduce data extracted from roughly fifteen cell phones recovered from the defendants and their co-conspirators pursuant to Federal Rule of Evidence 902(14). The data extractions have been authenticated by a process of digital identification, as shown by certifications of qualified electronic device examiners, and are therefore self-authenticating. *See* Fed. R. Evid. 902(14). The Government produced the data extractions on a rolling basis beginning in October 2016. On February 5, 2019, the Government notified defense counsel that it intended to introduce the data extractions at trial pursuant to Rule 902(14), enclosed the relevant certifications, and asked that counsel note any objections. To date, no counsel have noted any objections.

The Fourth Circuit has explained that "[r]eports and documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy for two reasons." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204–05 (4th Cir. 2000). First, "'businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful.'" *Id.* (quoting *United States v. Blackburn,* 992 F.2d 666, 670 (7th Cir. 1993)). Second, "'routine and habitual patterns of creation lend reliability to business records.'" *Sinkovich*, 232 F.3d at 205 (quoting *Blackburn,* 992 F.2d at 670).

Here, the Business Records meet all the criteria set forth in Federal Rule of Evidence 803(6). Each record was made contemporaneously by a person with knowledge, and was made and kept in the ordinary course of business. The certifications attest to just that. *See* Exhibits 1–3. They are precisely the type of records that are generally presumed to be reliable and trustworthy, and are routinely admitted under Rules 803(6) and 902(11). *See, e.g.*, *United States v. Thomas*, 128 Fed. Appx. 986, 992 (4th Cir. 2005) (holding that Enterprise rental records of money transfers were admissible as self-authenticating business records because they complied with Rules 803(6) and 902(11)); *United States v. Jones*, 622 Fed. Appx. 204, 206–07 (4th Cir. 2015) (recordings of inmate jail calls); *United States v. Santana*, 352 Fed. Appx. 867, 871 (4th Cir. 2009) (IRS records of money transfers); *United States v. Wein*, 521 Fed. Appx. 138, 140 (4th Cir. 2013) (credit card account records); *United States v. Gadsden*, 2013WL3356133, *3 (D. Md. 2013) (AT&T and Sprint phone records); *Doali-Miller v. SuperValu, Inc.*, 855 F. Supp. 2d 510, 515–21 (D. Md. 2012) (physician's report on the examination of a patient); *United States v. Smith*, 521 F.3d 957, 624–64 (D.C. Cir. 1975) (police radio transmissions); *Vasquez v. McPherson*, 285 F. Supp. 2d 334, 338 (S.D.N.Y. 2003) (police radio logs and transmission transcripts); *Keogh v. C.I.R.*, 713 F.2d 496,

499 (9th Cir. 1983) (records of casino employee's wages and tips).  They are therefore excepted from the rule against hearsay.

    **B. The Business Records are Self-Authenticating Under Fed. R. Evid. 902(11).**

Federal Rule of Evidence 902(11) allows for the self-authentication of a domestic record of regularly conducted activity that meets the requirements of Federal Rule of Evidence 803(6) and bears "a certification of the custodian or another qualified individual that complies with a federal statute."  As discussed above, the Business Records are accompanied by certifications by the relevant custodians of records attesting that they are contemporaneous records of the relevant business or governmental entity and were made and kept in the ordinary course of business.  They are therefore self-authenticating.  *See, e.g.*, *Thomas*, 128 Fed. App'x at 992; *Jones*, 622 Fed. App'x at 206–07; *Santana*, 352 Fed. App'x at 871; *Gadsden*, 2013 WL 3356133, at *3; *Doali-Miller*, 855 F. Supp. 2d at 518–21; *Smith*, 521 F.3d at 624–64.

    **C. The Business Records Are Non-Testimonial, and Therefore the Confrontation Clause Does Not Apply.**

The Confrontation Clause of the Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  Statements are testimonial "when the circumstances objectively indicate that . . . the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution."  *Davis v. Washington*, 547 U.S. 813, 822 (2006).

The Business Records were not created for the purpose of establishing or proving some fact at trial, but rather are the records of regularly conducted business or government activity, as noted in the attestations.  *See* Exhibits 1–3.  Thus, the records are non-testimonial and are not subject to the Confrontation Clause of the Sixth Amendment. *See Bullcoming v. New Mexico*, 564 U.S. 647 (2011) (holding that documents "created for the administration of an entity's affairs and

not for the purpose of establishing or proving some fact at trial" were "not testimonial"); *United States v. Cabrera-Baltran*, 660 F.3d 742 (4th Cir. 2011) (holding that information contained in Treasury Enforcement Communications System records was not created for trial, but rather was kept for the purpose of maintaining a record of what was coming into the United States, and therefore was not testimonial); *United States v. Keita*, 742 F.3d 184 (4th Cir. 2014) (holding that American Express common point of purchase reports were not testimonial); *United States v. Mallory*, 461 Fed. Appx. 352, 356 (4th Cir. 2012) (holding that admission of FedEx tracking records and their accompanying certification did not violate the Confrontation Clause); *United States v. Robinson*, 583 Fed. Appx. 86 (4th Cir. 2014) (holding that documents reflecting data from account management tool and log-in tracker of online services provider and data from connection logs of second provider were non-testimonial business records); *United States v. Yeley-Davis*, 632 F.3d 673 (10th Cir. 2011) (holding that cell phone records were not testimonial and thus not subject to confrontation).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court admit the certified business records pursuant to Federal Rules of Evidence 803(6) and 902(11).

                                        Respectfully submitted,

                                        Robert K. Hur
                                        United States Attorney

By:        /s/_____
            Christina A. Hoffman
            Lauren E. Perry
            Assistant United States Attorneys
            36 S. Charles Street, 4th Floor
            Baltimore, Maryland 21201
            (410) 209-4800

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on February 25, 2019, a copy of the foregoing Motion in Limine was electronically filed with the Clerk of Court via CM/ECF and thereby served on all counsel of record.

      \_\_\_/s/_____
      Christina A. Hoffman
      Assistant United States Attorney