IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | CRIMINAL NO.  CCB-16-0267 |
| v. | * | |
| | * | |
| DANTE BAILEY, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| ****** | | |

## GOVERNMENT'S MOTION *IN LIMINE*
## TO EXCLUDE EVIDENCE PURSUANT TO FED. R. EVID. 803(6) & 403

The government moves to exclude certain records from Advantage Sentencing Alternative Programs, Inc. (ASAP) that are accompanied by a business records certification, but bear a disclaimer stating that the company "does not warrant or guarantee" their accuracy.  The records are inadmissible under Federal Rule of Evidence 803(6), in that they lack the requisite trustworthiness, and under Federal Rule of Evidence 403, in that they are more prejudicial than probative and have the potential to confuse and mislead the jury.

### RELEVANT FACTS

On October 7, 2014, Dante Bailey was arrested by members of the Baltimore Police Department and charged with possession of a firearm by a felon and other offenses (Baltimore City Circuit Case No. 114310024).[1]  On December 9, 2014, Bailey appeared before Judge Lynn Stewart Mays for a bail review hearing.  He was granted bail in the amount of $750,000 with the condition that upon the posting of bail, he would be placed on home detention and supervised by

---

[1]   The arresting offers were members of BPD's Gun Trace Task Force who were later federally indicted on charges of racketeering and corruption.  The government does not plan to introduce any evidence of this arrest at trial.

1

a privately retained company called Advantage Sentencing Alternative Programs, Inc. (ASAP). The court ordered that standard conditions of pre-trial supervision would apply, and that the defendant would be "[a]llowed to attend work, counseling, medical appointments, legal/probation/home detention, weekly religious service, and seek employment." *See* Exhibit 1 (Order for Home Detention).

On December 11, 2011, Bailey posted bail and was released from the Baltimore City Detention Center. On December 12, 2014, Bailey registered with ASAP for home monitoring. He agreed to wear a transmitter device installed on his ankle twenty-four hours a day, and to have a device called a "home monitoring unit" (HMU) installed in his residence, which was then 3901 Princely Way, Pikesville, Maryland 21208. Bailey remained on home monitoring by ASAP until late July 2015, excluding intermittent periods when he was incarcerated.

ASAP is a private electronic monitoring services company based in Towson, Maryland. Its parent company is Satellite Tracking of People, LLC (STP). STP provides the Global Positioning Satellite (GPS) technology and the GPS tracking software system (called VeriTracks) that ASAP uses to monitor its clients.

In response to a subpoena, the government has received records from ASAP that purport to show Bailey's whereabouts during particular intervals between December 2014 and July 2015. *See* Exhibit 2 (ASAP Records). The ASAP Records are accompanied by a certification of ASAP's custodian of records, Danielle Winchester, attesting that they were "made at or near the time of the occurrence of the matters set forth, by or from the information transmitted by, a person with knowledge of these matters"; "kept in the course of the regularly conducted activity"; and "made and kept by the regularly conducted business activity as a regular practice." *See* Ex. 2, at 11. The government produced these records to the defendants in discovery.

The records include certain PDF documents entitled "Enrollee Event Report" and "Enrollee Track Address" that bear the logo of ASAP's parent company, STP, in the upper right hand corner. The documents entitled "Enrollee Event Report" appear to show the dates and times when Bailey's ankle transmitter device entered and exited the home monitoring unit installed in his residence. *See* Ex. 2, at 1, 2, 8.  The documents entitled "Enrollee Track Address" appear to show dates and times when Bailey's ankle transmitter device was at outside locations. *See* Ex. 2, at 3–6, 9.

The "Enrollee Track Address" documents include columns labeled "Start," "End," "Duration," and "Points Geocoded." *Id.* The final column, which is not labeled, contains a list of locations identified with varying degrees of specificity ranging from a unit block (*e.g.*, "7200 Windsor Mill Rd Gwynn Oak, MD 21207"), to a street (*e.g.*, "Morris Rd Baltimore, MD 21216"), to a major thoroughfare (*e.g.*, "I 95 Halethorpe, MD 21227"), to something vaguer still (*e.g.*, "Ramp Gwynn Oak, MD 21207"). *Id.* All of the Enrollee Track Address documents bear a disclaimer at the bottom that reads: "**Notice: Addresses in this report are estimated and provided for informational purposes only.  Satellite Tracking of People LLC does not warrant or guarantee the accuracy of the addresses in this report**." *Id.*

It is easy to see why STP does not guarantee the accuracy of the addresses in the Enrollee Track Address documents.  For instance, one report appears to show that from February 12, 2015, at 12:32:32 a.m. until February 12, 2015 at 1:27:58 p.m.—a period of almost thirteen hours—Bailey's ankle transmitter was at "W Lafayette Ave Baltimore, MD 21207."[2]  *See* Ex. 2, at 9.  This information conflicts with the "Enrollee Event Report" for the same period, which shows that Bailey's ankle transmitter entered the home monitoring unit at 3901 Princely Way, Pikesville, MD

---

[2]   This particular window is important because Bailey is charged with murdering James Edwards, a/k/a "Bangout," in the 300 block of Collins Avenue on February 12, 2015 at approximately 1:00a.m.

21208 on February 12, 2015 at 1:30:48 a.m., and remained there until February 12, 2015 at 2:25:32 p.m.  *See* Ex. 2, at 8.

On February 8, 2019, the government spoke to Ashley Fuller, the Director of Judicial Affairs at STP, regarding the meaning of the documents received from ASAP.  Ms. Fuller manages all functions of STP's data certification process, which includes collecting, compiling, preparing, and evaluating statistical data from the VeriTracks GPS tracking system.  She specializes in technological developments in the field of GPS monitoring and provides expert testimony in state and federal court on the integration of GPS technology into STP's VeriTracks software system.  She has been certified as an expert witness in over 80 trials.

Ms. Fuller advised that STP does not guarantee the accuracy of the data in the Enrollee Track Address documents; hence the disclaimer at the bottom of each document.  She stated that she cannot draw reliable conclusions from the Enrollee Track Address documents and does not offer opinions about them in court.  She specifically stated that she could *not* conclude that Bailey's ankle transmitter was at "W Lafayette Ave Baltimore, MD 21207" from February 12, 2015, at 12:32:32 a.m. until February 12, 2015 at 1:27:58 p.m. based on the information in the Enrollee Track Address document.  Ms. Fuller further advised that the only accurate data upon which reliable conclusions can be drawn is STP's "raw" GPS data, which is produced in Excel files.  To date, the government has not received any Excel files with raw GPS data from ASAP, despite multiple follow-up requests.

## ARGUMENT

### A. The Enrollee Track Address Documents Are Not Admissible Under Rule 803(6) Because They Lack Trustworthiness

Federal Rule of Evidence 803 provides an exception to the rule against hearsay for a "record of an act, event, condition, opinion, or diagnosis" if the record "was made at or near the

4

time by—or from information transmitted by—someone with knowledge; the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; making the record was a regular practice of that activity; all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) . . .; *and the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.*" Fed. R. Evid. 803(6) (emphasis added).

The theory behind the business records exception embodied in Rule 803(6) is that "[r]eports and documents prepared in the ordinary course of business are generally presumed to be reliable and trustworthy." *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204–05 (4th Cir. 2000). These types of records are generally considered trustworthy because "businesses depend on such records to conduct their own affairs," and "employees who generate them have a strong motive to be accurate." *Id.* Although the presumption is that business records are trustworthy, in determining admissibility courts must consider "the character of the records and their earmarks of reliability . . . acquired from their source and origin and the nature of their compilation." *Palmer v. Hoffman*, 318 U.S. 109, 114 (1943); *see also United States v. Strother*, 49 F.3d 869, 874 (2d Cir. 1995) (holding that "the principal precondition to admissibility is the sufficient trustworthiness of the record") (internal citations omitted).

On their face, the Enrollee Track Address documents fail the trustworthiness test. The disclaimer at the bottom of each document makes clear that STP does not guarantee the accuracy of the location information therein. In keeping with the presumption that businesses depend on their records to conduct their affairs and have a strong motive to be accurate, ASAP and STP have delineated, in the regular course of their record keeping, which documents are trustworthy and

reliable and which are not. The Enrollee Track Address documents are specifically marked as inaccurate. Because they are unreliable and do not meet the standard for trustworthiness under Rule 803(6), they should be excluded.

### B. The Enrollee Track Address Documents Should be Excluded Under Rule 403 Because They Are Substantially More Prejudicial Than Probative

Federal Rule of Evidence 403 allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, [or] misleading the jury." The ASAP Enrollee Track Address documents are unfairly prejudicial, confusing, and misleading, and have little or no probative value. The reports purport to show Bailey's whereabouts during particular intervals between December 2014 and July 2015, but they are contradicted by other records produced by the same company. Absent reliable data and expert analysis of that data, the jurors are likely to be confused and misled by the conflicting and illogical location information contained in the reports. There is a strong risk of the jurors drawing impermissible inferences based on unreliable evidence. The danger of unfair prejudice in allowing the jury to see these inaccurate reports substantially outweighs any probative value they may have, and consequently, they should be excluded.

### CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court exclude the ASAP Enrollee Track Address documents pursuant to Federal Rule of Evidence 803(6) and 403. The government specifically requests that the defendants not be permitted to use the ASAP Enrollee Track Address documents as exhibits, either in cross-examination of government witnesses, or in their case-in-chief. If Bailey wishes to present evidence regarding the whereabouts of his ankle transmitter, he should be required to call a qualified expert and present the raw GPS data whose accuracy STP is able to verify.

                Respectfully submitted,

                Robert K. Hur
                United States Attorney

By:        _____/s/_____
                Christina A. Hoffman
                Lauren E. Perry
                Assistant United States Attorneys
                36 S. Charles Street, 4th Floor
                Baltimore, Maryland 21201
                (410) 209-4800

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on February 25, 2019, a copy of the foregoing Motion in Limine was electronically filed with the Clerk of Court via CM/ECF and thereby served on all counsel of record.

                                                        ___/s/_____
                                                        Christina A. Hoffman
                                                        Assistant United States Attorney