UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES of AMERICA ) | |
| ) | |
| vs. ) | No. 16-cr-00267-CCB |
| ) | |
| DANTE BAILEY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DANTE BAILEY'S MOTION IN LIMINE TO PRECLUDE
CERTAIN TESTIMONY BY FBI SPECIAL AGENT MATTHEW WILDE**

Defendant Dante Bailey, through undersigned counsel has objected to the government's announced intention to elicit testimony from FBI Agent Matthew Wilde regarding certain GPS data concerning the whereabouts of Defendant Dante Bailey on the evening of February 11-12, 2015, the evening on which James Edwards was killed. Counsel respectfully submits this Motion to clarify the bases for this objection.

The proposed testimony should not be permitted, for two reasons.[1] *First,* the GPS records are not in evidence, and are not admissible through Agent Wilde. *Second,* Agent

---

[1] The government has asserted that Agent Wilde should be permitted to offer the proposed testimony in order to correct a supposedly misleading impression created when Detective Kazmarek was asked about GPS data on cross-examination. Even if such a misleading impression had been created, and there were a need to admit the GPS Data, it would remain inadmissible through Agent Wilde. But in fact, no misleading impression was created. Detective Kazmarek, who testified that he reviewed the GPS tracking data supplied by ASAP and STOP, was asked, "are there, in fact, no GPS pings during the time of the [Edwards] murder for Mr. Bailey." As Detective Kazmarek testified, this is a true statement. Mr. Edwards was killed shortly before 1.00 a.m. on February 12, 2015, and none of the data provided by ASAP or STOP – including the GPS Data about which the government proposes to have Agent Wilde testify – purports to show Mr. Bailey's location at any time between 12.32 a.m. and 3.30 a.m.

Wilde testified about the Edwards murder, and was subject to cross-examination and re-direct. The government may not re-call him, after consulting with him, to revise or amend his testimony.

**FACTS**

James Edwards was murdered shortly before 1 a.m. on February 12, 2015, at 310 Collins Avenue in Baltimore. The government alleges that Mr. Bailey committed the murder. Agent Wilde has testified that a cellular telephone which the government alleges was in Mr. Bailey's possession "pinged" a cellular telephone tower north of Druid Hill Park in Baltimore at 12.23 a.m. on February 12, 2015, and "pinged" another tower, near his residence at 3901 Princely Way, in Pikesville, MD, at 1.28 a.m. that day. According to Agent Wilde and the government, these data points indicate that the telephone at issue (and, by extension, Mr. Bailey) was in the "approximate location" of these cell towers at those times.

Agent Wilde testified that because this phone did not "ping" any tower between 12.23 and 1.28, he is unable to offer any opinion as to Mr. Bailey's location during that period, during which Mr. Edwards was killed on Collins Avenue. Nevertheless, the government asserts that this is "consistent" with Mr. Bailey driving from north of Druid Hill Park at 12.23 a.m., traveling southwest to 310 Collins Avenue, killing Mr. Edwards, and then driving northwest to 3901 Princely Way, arriving there by 1.28 a.m.

At the time of Mr. Edwards' murder, Mr. Bailey was subject to pre-trial supervision, ordered by the Baltimore City Circuit Court in December 2014. One of the conditions of that status was that he be subject to home detention monitored by Advantage Sentencing

Alternative Programs, Inc. ("ASAP").  Pursuant to that order, ASAP attached a device to Mr. Bailey's ankle, which transmitted real-time GPS data concerning Mr. Bailey's location. ASAP used GPS technology and software provided by its parent company, Satellite Tracking of People, LLC ("STOP"), to track Mr. Bailey's movements.

This GPS monitoring system was in place on February 11-12, 2015, and STOP and ASAP collected data tracking Mr. Bailey's movements on both of those days.  That data shows Mr. Bailey in or near Druid Hill Park (and near the cell tower identified by Agent Wilde) at 12.25 a.m. However, for reasons that have never been explained, STOP and ASAP collected no GPS data regarding Mr. Bailey's whereabouts between 12.32 a.m. and 3.30 a.m. on February 12, 2015. *See* Exh. 1.  Thus, although Mr. Bailey's location (or, in the case of CSLI, his presumed location) was tracked by two separate systems on the night of February 11-12, 2015, neither of those systems provides any information about his whereabouts for approximately one hour, midway through which James Edwards was murdered.

On Saturday, April 6, 2019, the government notified defendants that it intended to recall Agent Wilde to testify about the James Edwards murder, and to have him testify about GPS data provided by STOP (the "GPS Data").[2]  This GPS data includes locations during the period 12.25 a.m. – 12.32 a.m. on February 15, 2015.  Each of the locations identified by the GPS Data falls within a circle drawn between the Sprint cell tower near

---

[2] The GPS Data at issue consists of raw data provided to the prosecution by STOP.  For purposes of this motion, Defendant Bailey does not challenge the accuracy or reliability of this data.

Druid Hill Park, 3901 Princely Way, and 310 Collins Avenue, the site of Mr. Edwards' murder. None of the locations is within 2-1/2 miles of 310 Collins Avenue.

**I. THE GPS RECORDS ARE NOT ADMISSIBLE THROUGH AGENT WILDE.**

    **A. Agent Wilde Has No Personal Knowledge Regarding the GPS Data.**

The government has not disclosed precisely what Agent Wilde's testimony concerning the GPS Data will be, but has suggested – for the first time while arguing this matter in court – that it hopes to have him testify that the GPS Data for the time period 12.25 – 12.32 on February 12, 2015, is "consistent" with his analysis of CSLI data. But the GPS Data for that time period is not in evidence, and may not be placed in evidence through Agent Wilde.

A fact witness may not testify to matters about which the witness lacks personal knowledge. Fed. R. Evid. 602; *United States v. Smith*, 451 F.3d 209, 222-23 (4th Cir. 2006). Testimony should be excluded when "the witness could not have actually perceived or observed that which he testifies to." *Sherin v. Crane-Houdaille, Inc.,* 47 F.Supp.3d 280, 287-88 (D. Md. 2014). Agent Wilde clearly could not have observed Mr. Bailey at any of the GPS Data points between 12.25 and 12.32 on February 12, 2015, nor did he have any involvement in the GPS tracking performed by STOP and ASAP. Therefore, he may not testify, as a matter of fact, that the GPS Data indicates that Mr. Bailey was in particular locations during that time.

It would have been permissible for Agent Wilde to testify about these GPS Data points if they were first admitted through a competent witness. It also would have been permissible for Agent Wilde to testify that *if* GPS tracking showed Mr. Bailey in these

locations, that would be consistent with his analysis. But the government chose not to elicit such testimony, and he may not testify that the GPS Data in fact shows Mr. Bailey in those locations at those times.

**B. Agent Wilde May Not Testify About the GPS Data as an Expert Witness.**

Agent Wilde has been proffered as an expert witness, and in contrast to a fact witness, an expert witness may testify to matters outside his personal knowledge. Fed. R. Evid. 602, 703. However, Agent Wilde's proposed testimony is not a proper subject for expert testimony. A qualified witness may testify as an expert only if his "scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). Agent Wilde's analysis indicates that Mr. Bailey was near Druid Hill Park at 12.23 a.m. on February 12, 2015, and near his residence, in Pikesville at 1.28 a.m. The question whether Mr. Bailey's presence at other locations at other times is consistent with Agent Wilde's conclusions is one which jurors can answer for themselves, without the application of any ""scientific, technical, or other specialized knowledge."

In addition, the government's disclosure of Agent Wilde as an expert witness stated that he would "testify regarding the locations of [certain] cellular telephones . . . at the time of James Edwards' murder." *See* Exh. 1 at 5. The subject matter of his proposed testimony – *i.e.,* the location of *Mr. Bailey* at the time of Mr. Edwards' murder – falls outside this disclosure. The government may not present expert testimony not contained within its expert disclosure.

**II.  THE GOVERNMENT MAY NOT RE-CALL AGENT WILDE TO AMEND HIS TESTIMONY.**

Agent Wilde testified last week about the murder of James Edwards.  Following his direct examination, he was subject to cross-examination, and then re-direct.  The government now seeks to re-open his testimony, after having had several days to consult with him, in order to amend that testimony.  This is impermissible.  Witnesses generally are not permitted to discuss their testimony with others while the trial is ongoing, and certainly not during their testimony.  *See Perry v. Leeke*, 488 U.S. 272, 281-82 (1989) ("[i]t is a common practice for a judge to instruct a witness not to discuss his or her testimony with third parties until the trial is completed.  Such nondiscussion orders are a corollary of the broader rule that witnesses may be sequestered to lessen the danger that their testimony will be influenced by hearing what other witnesses have to say, and to increase the likelihood that they will confine themselves to truthful statements based on their own recollections.")

## CONCLUSION

For the foregoing reasons, Agent Wilde should not be permitted to testify regarding the GPS Data.

Date:  April 10, 2019                           Respectfully submitted,

                                                          Teresa Whalen
                                                          Law Office of Teresa Whalen
                                                          801 Wayne Avenue, Ste. 400
                                                          Silver Spring, MD 20910
                                                          301.588.1980
                                                          whalenesq@aol.com

/s/ Paul F. Enzinna

Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@ellermanenzinna.com

*Counsel for Defendant Dante Bailey*

## **CERTIFICATE OF SERVICE**

I certify that on April 10, 2019, a copy of the foregoing Defendant Dante Bailey's Motion In Limine to Preclude Certain Testimony by FBI Special Agent Matthew Wilde was filed using the CM/ECF system, which will then send notification of such filing to all counsel of record.

Respectfully submitted,

Date: April 10, 2019

/s/ Paul F. Enzinna
Ellerman Enzinna PLLC
1050 30th Street, NW
Washington, DC 20007
202.753.5553
penzinna@ellermanenzinna.com

*Counsel for Defendant Dante Bailey*