IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | **CRIMINAL NO.  CCB-16-0267** |
| v. | * | |
| | * | |
| **DANTE BAILEY, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| | * | |
| | ****** | |

**OPPOSITION TO DANTE BAILEY'S MOTION TO PRECLUDE CERTAIN
TESTIMONY BY FBI SPECIAL AGENT MATHEW WILDE (ECF 1113)**

Dante Bailey has moved to exclude testimony regarding reliable, relevant GPS records that show Bailey's whereabouts close in time to the murder of James Edwards on February 11-12, 2015.  Bailey argues, first, that the records are not admissible through FBI Special Agent Mathew Wilde because he lacks personal knowledge of the GPS records and the government did not provide notice that he would testify about them, and second, that the government may not recall Agent Wilde to "amend" his testimony.  The defendant is wrong on both points.  Having elicited misleading testimony on cross-examination regarding unreliable electronic monitoring records that was previously ruled inadmissible, the defendant now seeks to prevent the government from correcting the record with an appropriate witness on the ground that the same category of evidence in its reliable, certified form is somehow not the proper subject of Agent Wilde's testimony.  The defendant cannot be permitted to use this category of evidence as both a sword and a shield in this way.

First, the GPS records are admissible through Agent Wilde—or any witness, for that matter—because they are certified business records that meet the requirements of Rule 803(6) and

1

Rule 902(11) and are therefore self-authenticating.  The records are accompanied by a certification by Ashley Fuller, the Director of Judicial Affairs at Satellite Tracking of People, LLC ("STOP"), attesting that they "are a true and correct copy of records which were made at or near the time of occurrence," that they "are kept in the ordinary course of business by Satellite Tracking of People, LLC," and that they "are accurate."  *See* Exhibit 1.  Furthermore, the defendant concedes that he "does not challenge the accuracy or reliability of this data."  ECF 1113, at 3 n.2.

Because the records are self-authenticating, they may be admitted through *any* witness, including Agent Wilde.  Just as the law permits Agent Wilde to introduce self-authenticating call detail records from cell phone service providers Verizon, Sprint, T-Mobile, and AT&T, the law also permits him to introduce self-authenticating records from STOP, notwithstanding that he lacks personal knowledge about the creation of the records.  *See, e.g.*, *United States v. Thomas*, 128 Fed. Appx. 986, 992 (4th Cir. 2005) (holding that Enterprise rental records of money transfers were admissible as self-authenticating business records because they complied with Rules 803(6) and 902(11)); *United States v. Jones*, 622 Fed. Appx. 204, 206–07 (4th Cir. 2015) (recordings of inmate jail calls); *United States v. Gadsden*, 2013 WL 3356133, *3 (D. Md. 2013) (AT&T and Sprint phone records).

Second, the government is not recalling Agent Wilde to "amend" his testimony, but to correct the record with respect to a material point of fact that was misleadingly elicited during the cross-examination of Detective Christopher Kazmarek.

Prior to trial, the government moved to exclude certain unreliable electronic monitoring records that were produced by STOP's subsidiary company, Advantage Sentencing Alternative Programs ("ASAP"), in response to a subpoena.  The records contained a disclaimer stating that STOP "does not warrant or guarantee the accuracy" of the information therein.  These records

were produced to the defense as part of Detective Christopher Kazmarek's homicide file. The defendant did not oppose the government's motion to exclude these records, and the Court granted the motion. In reliance on the Court's ruling, the government believed there would not be questioning regarding the unreliable records from ASAP. Therefore, the government did not plan to elicit testimony from Agent Wilde regarding any of the electronic monitoring records (reliable or unreliable) and did not supplement its expert disclosure regarding Agent Wilde.

Notwithstanding the court's ruling, during cross-examination of Detective Kazmarek on April 1, 2019, Ms. Whalen questioned Detective Kazmarek about the unreliable electronic monitoring records from ASAP. Specifically, Ms. Whalen asked: "And you learned through your investigation that [Dante Bailey] was not or the records didn't support that he was at Collins Avneue; correct?" Ms. Perry objected to this line of questioning. The Court overruled the objection and allowed Ms. Whalen to proceed. Ms. Whalen then asked, "My question is: In your investigation, you looked at the records and they don't support that Mr. Bailey was at Collins Avenue at the time of the Edwards shooting; correct?" Detective Kazmarek replied, "No. His GPS coordinates were not on Collins Avenue."

Because Ms. Whalen elicited misleading testimony about inadmissible evidence from Detective Kazmarek, the government sought to correct the record by eliciting testimony about the reliable STOP GPS records through Agent Wilde. The defendant objected to this line of questioning, and the Court partially sustained the objection on the ground that the GPS records were not yet in evidence. Ms. Perry was required to rephrase her question as a hypothetical: "If there were GPS records that a gap in time between 12:30a.m. and 1:30a.m. on February 12th of 2015, would that be consistent or inconsistent with your analysis of the call-detail records for the 9975 phone?" Agent Wilde testified "that would be consistent."

The government then supplemented its expert disclosure with respect to Agent Wilde. On April 6, the government notified defense counsel that it would seek to introduce the certified GPS records through Agent Wilde and ask him questions regarding those records. Agent Wilde has reviewed the GPS records; he is perfectly capable of plotting GPS coordinates on a map; and there is no reason why he should not be permitted to testify about them. The government provided proper notice of what it expected Agent Wilde to testify about in its case-in-chief, which is exactly what Rule 702 requires. *See* Fed. R. Evid. 702 ("At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence ***during its case-in-chief at*** trial.") (emphasis added). It was the defense that expanded the questioning outside of the scope of the expert disclosure—not the government. Agent Wilde's testimony is necessary to correct the record on a material point of fact with respect to the VICAR murder with which Mr. Bailey is charged. The defense has opened the door to this questioning, and it would be a miscarriage of justice to allow them to mislead the jury in this manner.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny Dante Bailey's motion and permit the government to recall Special Agent Mathew Wilde to testify regarding the STOP records tomorrow, Thursday, April 11, 2019.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Christina A. Hoffman
Lauren E. Perry

4

                                              Assistant United States Attorneys
                                              36 S. Charles Street, 4th Floor
                                              Baltimore, Maryland 21201
                                              (410) 209-4800

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on April 10, 2019, a copy of the foregoing Response in Opposition to Motion to Continue the Trial was electronically filed with the Clerk of Court via CM/ECF and thereby served on all counsel of record.

              ___/s/_____
               Christina A. Hoffman
               Assistant United States Attorney